IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIMBERLY BERGERON, JADA COLEMAN, KAYCEE CROCHET, BRANDY GREGOIRE, KAY HARTMAN, BROOKE HIDALGO, SIERRA HUNTER DALANIE LINER, MEGAN LOCKE, AVONYE MILLER, and KEMA TAYLOR,<br><br>Plaintiffs,<br><br>v.<br><br>TERREBONNE PARISH CONSOLIDATED GOVERNMENT,<br><br>Defendant. | <br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Kimberly Bergeron ("Bergeron"), Jada Coleman ("Coleman"), Kaycee Crochet ("Crochet"), Brandy Gregoire ("Gregoire"), Kay Hartman ("Hartman"), Brooke Hidalgo ("Hidalgo"), Sierra Hunter ("Hunter"), Dalanie Liner, Megan Locke ("Locke"), Avonye Miller ("Miller"), and Kema Taylor ("Taylor") (collectively "Plaintiffs") file this Complaint against the Terrebonne Parish Consolidated Government ("Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1. This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to timely pay Plaintiffs all overtime wages owed. Plaintiffs seek all damages available for Defendant's violations of the FLSA.

2. Plaintiffs are and/or were employed by Defendant as hourly paid dispatchers in the Houma Police Department ("HPD").

### A. The 40 Hour Workweek Overtime Claims

3. During the time period of three years preceding the date this lawsuit was filed and forward, Defendant measured overtime hours for its hourly paid dispatchers, including Plaintiffs, on a standard of hours worked in excess of 80 hours per two week work period.

4. However, Plaintiffs and other hourly paid dispatchers employed by Defendant during that time period are not exempt or partially exempt employees pursuant to 29 U.S.C. § 207(k) and overtime hours for them should have been measured on a basis of hours worked in excess of 40 hours per seven-day workweek.

5. Plaintiffs routinely worked in excess of 40 hours per seven-day workweek during the time period relevant to this lawsuit. Defendant's failure to calculate Plaintiffs' respective overtime hours on the basis of hours worked in excess of 40 hours per seven-day workweek resulted in Defendant not paying Plaintiffs time and one-half their respective regular rates of pay for all overtime hours worked.

6. Alternatively, to the extent Defendant can meet its burden of proof to establish any agreement that satisfies the requirements of 29 U.S.C. § 207(o) which requires overtime to be provided as compensatory time in lieu of overtime compensation relative to one or more of the Plaintiffs, then Defendant violated the FLSA as to those Plaintiffs by: not providing compensatory time at time and one-half the regular rate for all overtime hours worked; not paying overtime pay at time and one-half the regular rate of pay for all hours, if any, that exceed(ed) any applicable accrual cap; and/or not paying overtime pay at time and one-half the regular rate for compensatory time paid out.

**B.     The Hurricane Ida Overtime Claims**

7.     During the time period between August 22, 2021 and September 18, 2021, Plaintiffs, other than Gregoire, routinely worked more than 40 hours per seven-day workweek and more than 80 hours per two week work period.

8.     However, Defendant did not timely pay those Plaintiffs time and one-half their respective regular rates of pay for all overtime hours worked during that time period on either a 40 hour workweek standard or 80 hour per work period standard.

9.     Furthermore, in addition to base hourly pay for the time period between August 22, 2021 and September 18, 2021, Defendant paid those Plaintiffs emergency pay relative to work in connection with Hurricane Ida. Defendant did not include the Hurricane Ida related emergency pay in those Plaintiffs' respective regular rates of pay when calculating the overtime wages those Plaintiffs were paid or should have been paid which resulted in those Plaintiffs not being paid all overtime wages owed.

10.    Alternatively, to the extent Defendant can meet its burden of proof to establish any agreement that satisfies the requirements of 29 U.S.C. § 207(o) which requires overtime to be provided as compensatory time in lieu of overtime compensation relative to one or more of the Plaintiffs, then, relative to the Hurricane Ida overtime claims, Defendant violated the FLSA as to Plaintiffs, other than Gregoire, by: not providing compensatory time at time and one-half the regular rate for all overtime hours worked; not paying overtime pay at time and one-half the regular rate of pay for all hours, if any, that exceed(ed) any applicable accrual cap; and/or not paying overtime pay at time and one-half the regular rate for compensatory time paid out.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A. Plaintiff Kimberly Bergeron

11. Bergeron is a natural person. Bergeron is over the age of 18 years and has standing to file this lawsuit.

12. Bergeron has been employed by Defendant as a dispatcher since approximately August 14, 2017 and remains employed as a dispatcher by Defendant as of the filing of this lawsuit.

13. Bergeron was employed by Defendant as a dispatcher relative to Hurricane Ida during the time period between August 22, 2021 to September 18, 2021.

14. By filing this lawsuit and complaint, Bergeron consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

### B. Plaintiff Jada Coleman

15. Coleman is a natural person. Coleman is over the age of 18 years and has standing to file this lawsuit.

16. Coleman has been employed by Defendant as a dispatcher since approximately January 3, 2018 and remains employed as a dispatcher by Defendant as of the filing of this lawsuit.

17. Coleman was employed by Defendant as a dispatcher relative to Hurricane Ida during the time period between August 22, 2021 to September 18, 2021.

18. By filing this lawsuit and complaint, Coleman consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

### C. Plaintiff Kaycee Crochet

19. Crochet is a natural person. Crochet is over the age of 18 years and has standing to file this lawsuit.

20. Crochet was employed by Defendant as a dispatcher between approximately April 2013 to April 2022.

21. Crochet was employed by Defendant as a dispatcher during the time period between August 22, 2021 to September 18, 2021.

22. By filing this lawsuit and complaint, Crochet consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

### D. Plaintiff Brandy Gregoire

23. Gregoire is a natural person. Gregoire is over the age of 18 years and has standing to file this lawsuit.

24. Gregoire has been employed by Defendant as a dispatcher since approximately May 6, 2019 and remains employed as a dispatcher by Defendant as of the filing of this lawsuit.

25. Gregoire was employed by Defendant as a dispatcher during the time period between August 22, 2021 to September 18, 2021. However, Gregoire does not seek unpaid overtime wages for that time period and does not assert a regular rate claim relative to Hurricane Ida related emergency pay for that time period.

26. By filing this lawsuit and complaint, Gregoire consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

### E. Plaintiff Kay Hartman

27. Hartman is a natural person. Hartman is over the age of 18 years and has standing to file this lawsuit.

28. Hartman has been employed by Defendant as a dispatcher since approximately June 2012 and remains employed as a dispatcher by Defendant as of the filing of this lawsuit.

29. Hartman was employed by Defendant as a dispatcher relative to Hurricane Ida during the time period between August 22, 2021 to September 18, 2021.

30. By filing this lawsuit and complaint, Hartman consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**F.   Plaintiff Brooke Hidalgo**

31. Hidalgo is a natural person. Hidalgo is over the age of 18 years and has standing to file this lawsuit.

32. Hidalgo was employed by Defendant as a dispatcher between approximately October 2019 to November 2022.

33. Hidalgo was employed by Defendant as a dispatcher relative to Hurricane Ida during the time period between August 22, 2021 to September 18, 2021.

34. By filing this lawsuit and complaint, Hidalgo consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**G.   Plaintiff Sierra Hunter**

35. Hunter is a natural person. Hunter is over the age of 18 years and has standing to file this lawsuit.

36. Hunter has been employed by Defendant as a dispatcher since approximately April 26, 2021 and remains employed as a dispatcher by Defendant as of the filing of this lawsuit.

37. Hunter was employed by Defendant as a dispatcher relative to Hurricane Ida during the time period between August 22, 2021 to September 18, 2021.

38. By filing this lawsuit and complaint, Hunter consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**H.      Plaintiff Dalanie Liner**

39.     Liner is a natural person. Liner is over the age of 18 years and has standing to file this lawsuit.

40.     Liner has been employed by Defendant as a dispatcher since approximately August 25, 2020 and remains employed as a dispatcher by Defendant as of the filing of this lawsuit.

41.     Liner was employed by Defendant as a dispatcher relative to Hurricane Ida during the time period between August 22, 2021 to September 18, 2021.

42.     By filing this lawsuit and complaint, Liner consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**I.      Plaintiff Megan Locke**

43.     Locke is a natural person. Locke is over the age of 18 years and has standing to file this lawsuit.

44.     Locke has been employed by Defendant as a dispatcher since approximately May 9, 2019 and remains employed as a dispatcher by Defendant as of the filing of this lawsuit.

45.     Locke was employed by Defendant as a dispatcher relative to Hurricane Ida during the time period between August 22, 2021 to September 18, 2021.

46.     By filing this lawsuit and complaint, Locke consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**J.      Plaintiff Avonye Miller**

47.     Miller is a natural person. Miller is over the age of 18 years and has standing to file this lawsuit.

48.     Miller has been employed by Defendant as a dispatcher since approximately August 2020 and remains employed as a dispatcher by Defendant as of the filing of this lawsuit.

49. Miller was employed by Defendant as a dispatcher relative to Hurricane Ida during the time period between August 22, 2021 to September 18, 2021.

50. By filing this lawsuit and complaint, Miller consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**K.  Plaintiff Kema Taylor**

51. Taylor is a natural person. Taylor is over the age of 18 years and has standing to file this lawsuit.

52. Taylor has been employed by Defendant as a dispatcher since approximately July 14, 2015 and remains employed as a dispatcher by Defendant as of the filing of this lawsuit.

53. Taylor was employed by Defendant as a dispatcher relative to Hurricane Ida during the time period between August 22, 2021 to September 18, 2021.

54. By filing this lawsuit and complaint, Taylor consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**L.  Defendant Terrebonne Parish Consolidated Government**

55. Defendant, Terrebonne Parish Consolidated Government, is a political subdivision of the State of Louisiana, located in the Parish of Terrebonne, State of Louisiana.

56. During all times relevant to this lawsuit, Defendant has been an employer covered by the FLSA. 29 U.S.C. § 203(d).

57. During all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce. 29 U.S.C. § 203(s)(1)(C); 29 U.S.C. § 203(x).

58. At times relevant to the unpaid overtime wage claims in this lawsuit, Plaintiffs were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e)(2)(C).

59. Defendant may be served with summons and the complaint by personal service upon Defendant's chief executive officer, Mr. Gordon E. Dove, or in his absence upon any employee of Defendant of suitable age and discretion.

**M.** **Jurisdiction and Venue**

60. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

61. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

62. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely the FLSA.

63. Venue is proper in this Court because the area encompassed by the United States District Court for the Eastern District of Louisiana includes Terrebonne Parrish, Plaintiffs were employed by Defendant in this District, and facts relative to the claims made the basis of this lawsuit occurred within this District.

### III. FACTUAL BACKGROUND

64. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

65. Plaintiffs are and/or were employed by Defendant has hourly paid dispatchers with the HPD.

66. Plaintiffs' job duties as dispatchers for Defendant generally included answering phone calls, dispatching police officers to complaints/calls, and monitoring and logging radio traffic.

67. During the time period of three years preceding the date this lawsuit was filed and forward, Defendant measured overtime hours for its hourly paid dispatchers, including Plaintiffs, on a standard of hours worked in excess of 80 hours per two week work period.

68. However, Plaintiffs and other hourly paid dispatchers employed by Defendant are not exempt or partially exempt employees pursuant to 29 U.S.C. § 207(k) and overtime hours for them should have been measured on a basis of hours worked in excess of 40 hours per seven-day workweek.

69. Defendant previously measured overtime hours for hourly paid dispatchers using a standard of hours worked in excess of 40 hours per seven-day workweek. Defendant changed the standard for measuring overtime hours for its hourly paid dispatchers from hours worked in excess of 40 hours per seven-day workweek to hours worked in excess of 80 hours per two week work period in approximately 2019.

70. Plaintiffs routinely worked in excess of 40 hours per seven-day workweek as hourly paid dispatchers for Defendant.

71. Defendant's failure to calculate Plaintiffs' respective overtime hours on a 40 hour per seven-day workweek standard resulted in Defendant not paying Plaintiffs time and one-half their respective regular rates of pay for all overtime hours worked. Alternatively, to the extent Defendant can meet its burden of proof to establish any agreement that satisfies the requirements of 29 U.S.C. § 207(o) which requires overtime to be provided as compensatory time in lieu of overtime compensation relative to one or more of the Plaintiffs, then Defendant violated the FLSA as to those Plaintiffs by: not providing compensatory time at time and one-half the regular rate for all overtime hours worked; not paying overtime pay at time and one-half the regular rate of pay

for all hours, if any, that exceed(ed) any applicable accrual cap; and/or not paying overtime pay at time and one-half the regular rate for compensatory time paid out.

72. Hurricane Ida formed on or about August 26, 2021 and made landfall as a category 4 hurricane near Port Fourchon, Louisiana on or about August 29, 2021. Defendant's Parish President, Mr. Gordon E. Dove, issued an emergency executive order relative to Hurricane Ida on August 26, 2021. In connection therewith, certain days were declared emergency days and/or adverse weather days.

73. Ultimately, the dates of August 27, 2021 to September 17, 2021 were declared as emergency days and/or adverse weather days by Defendant (the "Hurricane Ida Time Period").

74. The start and end of the two pay periods which included Plaintiffs' respective work relative to the Hurricane Ida emergency and/or adverse weather declaration(s) are Sunday, August 22, 2021 to Saturday, September 18, 2021 (the "Hurricane Ida Work Periods"). The start and end dates of the first pay period which included Hurricane Ida Work was Sunday, August 22, 2021 to Saturday, September 4, 2021. The start and end dates of the second pay period which included Hurricane Ida Work was Sunday, September 5, 2021 to Saturday, September 18, 2021.

75. At all times relevant to the overtime claims in this lawsuit, including the Hurricane Ida Time Period, Defendant classified Plaintiffs as FLSA non-exempt employees.

76. Plaintiffs were essential employees of Defendant during the Hurricane Ida Time Period.

77. In connection with the Hurricane Ida Work Periods, Defendant measured the number of overtime hours worked by Plaintiffs using a standard of hours worked in excess of 80 hours in a two-week work period (although it should have measured overtime hours on a standard of hours worked in excess of 40 hours per seven-day workweek).

78. Plaintiffs other than Gregoire worked in excess of 80 hours during the two week work period between Sunday, August 22, 2021 to Saturday, September 4, 2021. For example, Plaintiff Hidalgo worked 120 hours during that period which equals 40 overtime hours using Defendant's 80 hour per two week work period standard. Plaintiffs other than Gregoire generally worked in excess of 40 hours per seven day workweek during the two workweeks between August 22, 2021 to September 4, 2021. For example, Plaintiff Hidalgo worked 84 hours during the seven-day workweek between Sunday, August 29, 2021 to Saturday, September 4, 2021, which equals 44 overtime hours. The regularly scheduled pay date for the work by Plaintiffs between August 22, 2021 to September 4, 2021 was September 9, 2021. On September 9, 2021, Defendant paid each of the Plaintiffs straight time of their hourly pay for only 80 hours relative to work they respectively performed between August 22, 2021 to September 4, 2021.

79. Plaintiffs other than Gregoire worked in excess of 80 hours during the two week work period between Sunday, September 5, 2021 to Saturday, September 18, 2021. For example, Plaintiff Hidalgo worked 147.5 hours during that period which equals 67.5 overtime hours using Defendant's 80 hour per two week work period standard. Plaintiffs other than Gregoire generally worked in excess of 40 hours per seven day workweek during the two workweeks between September 5, 2021 to September 18, 2021. For example, Plaintiff Hidalgo worked 78 hours during the seven-day workweek between Sunday, September 5, 2021 to Saturday, September 11, 2021, which equals 38 overtime hours. Plaintiff Hidalgo worked 81.5 hours during the seven-day workweek between Sunday, September 12, 2021 to Saturday, September 18, 2021, which equals 41.5 overtime hours. The regularly scheduled pay date for the work by Plaintiffs between September 5, 2021 to September 18, 2021 was September 23, 2021. On September 23, 2021,

Defendant paid each of the Plaintiffs straight time of their hourly pay for only 80 hours relative to work they respectively performed between September 5, 2021 to September 18, 2021.

80. Defendant did not timely pay Plaintiffs other than Gregoire time and one-half their respective regular rates of pay for all overtime hours worked during Hurricane Ida Work Periods (August 22, 2021 and September 18, 2021) on either a 40 hour workweek standard or 80 hour per work period standard.

81. On or about October 1, 2021, Defendant paid Plaintiffs other than Gregoire Hurricane Ida related emergency pay. The Hurricane Ida related emergency pay was typically listed in earnings statements as EMG-NR-IDA. Defendant did not include Hurricane Ida related emergency pay in calculating the respective regular rates of pay of Plaintiffs which resulted in an underpayment of the overtime wages each of the Plaintiffs, other than Gregoire, were owed by Defendant. Furthermore, when calculating Plaintiffs' respective overtime wages owed using the correct standard of hours worked in excess of 40 hours per seven-day workweek, Hurricane Ida related emergency pay must be included in the respective FLSA regular rates of pay of the Plaintiffs who received such remuneration. Alternatively, to the extent Defendant can meet its burden of proof to establish any agreement that satisfies the requirements of 29 U.S.C. § 207(o) which requires overtime to be provided as compensatory time in lieu of overtime compensation relative to one or more of the Plaintiffs, then, relative to the Hurricane Ida Time Period, Defendant violated the FLSA as to those Plaintiffs, other than Gregoire, by: not providing compensatory time at time and one-half the regular rate for all overtime hours worked; not paying overtime pay at time and one-half the regular rate of pay for all hours, if any, that exceed(ed) any applicable accrual cap; and/or not paying overtime pay at time and one-half the regular rate for compensatory time paid out.

## IV. CONTROLLING LEGAL RULES

82. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

83. In general, the FLSA mandates that employers must pay their employees time and-a-half overtime pay for all work performed in excess of forty hours per week. 29 U.S.C. § 207(a)(1). However, in some situations, public agencies may define overtime hours by a different standard for certain employees pursuant to a partial exemption. *Falken v. Glynn County,* 197 F.3d 1341, 1345 (11th Cir.1999) (citing 29 U.S.C. § 207(k)). That exemption exists for public agencies whose employees are engaged in either fire protection activities or law enforcement activities. 29 U.S.C. § 207(k). The burden is on the employer to establish the applicability of the 29 U.S.C. § 207(k) exemption. *See Singer v. City of Waco, Tex.,* 324 F.3d 813, 820 (5th Cir. 2003); *Jones v. City of Columbus, Ga.,* 120 F.3d 248, 252 (11th Cir. 1997).

84. Defendant's dispatchers are not employees engaged in either fire protection services or law enforcement activities subject to § 207(k). *See, e.g.,* 29 C.F.R. § 553.211(g) ("Not included in the term 'employee in law enforcement activities' are the so-called 'civilian' employees of law enforcement agencies or correctional institutions who engage in such support activities as those performed by dispatcher, radio operators, apparatus and equipment maintenance and repair workers, janitors, clerks and stenographers."); *Baker v. Stone County, Mo.,* 41 F. Supp. 2d 965, 992 (W.D. Mo. 1999) (Dispatchers are "not law enforcement personnel subject to [29 U.S.C. § 207(k)]."); Department of Labor Opinion Letter, No. FLSA2006-36, 2006 WL 3227791,

at *1 (Sep. 28, 2006) (City was required to measure overtime hours using a 40 hour workweek standard for public safety dispatchers.). Defendant is and was required to measure Plaintiffs' respective overtime hours worked using a standard of hours worked in excess of 40 hours per seven-day workweek.

85. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

86. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; 29 C.F.R. § 553.233; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009). "The employer bears the burden of demonstrating that certain payments should not be included in determining its employees' regular rate." *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966); *Johnson*, 604 F. Supp. 2d at 927).

87. "The FLSA requires the inclusion in the regular rate of such extra premiums as … premiums paid for hazardous, arduous or dirty work." *Meadows*, 338 F. Supp. 3d at 590 (citing 29 C.F.R. § 778.207(b)). "Premiums paid for hazardous, arduous or dirty work are commonly called 'shift differentials.'" *Id.*

88. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Such data includes the name of the employee, time of day and day of week on which the employee's workweek or work period begins, regular hourly rate of pay for any workweek in which overtime compensation is due under 29 U.S.C. § 207(a)(1), the amount and nature of each payment which, pursuant to 29 U.S.C. §

207(e), is excluded from the regular rate, total hours worked each workday, total hours worked each workweek, total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation, total premium pay for overtime hours, total wages paid each pay period, and dates of payment and the pay period covered by the payment. *See* 29 C.F.R. § 516.2 (a).

89. Employers are required to maintain the required employee payroll data for a minimum of three years. 29 C.F.R. § 516.5.

90. Under the FLSA, "a cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *McIntyre v. Collin Bryan Constr. LLC*, 3:22-CV-1267-K, 2023 WL 3259754, at *5 (N.D. Tex. Apr. 19, 2023), *report and recommendation adopted*, 3:22-CV-1267-K, 2023 WL 3259493 (N.D. Tex. May 4, 2023) (citing *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261 (5th Cir. 1987), *opinion modified on reh'g*, 826 F.2d 2 (5th Cir. 1987) (brackets omitted)).

91. Failing to pay the required overtime premium for overtime hours worked is a violation of the FLSA. 29 U.S.C. § 216(b).

92. "Any employer who violates the provisions of [29 U.S.C. § 207] ... shall be liable to the employee or employees affected in the amount of their ... unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. ... The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

93. "The general rule establishes that FLSA claims ... cannot be waived." *Sandlin v. Grand Isle Shipyard, Inc.*, CV 17-10083, 2018 WL 2065595, at *5 (E.D. La. May 3, 2018) (citing

*Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015)). "[T]he FLSA forbids waiver of the right to statutory wages or to liquidated damages." *Id.* (citing *Bodle*, 788 F.3d at 163).

94. A violation of the FLSA is willful if the employer either knew its conduct violated the FLSA or showed reckless disregard for whether its conduct complied with the law. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed. 2d 115 (1988); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990).

95. It is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

## V. FLSA CLAIMS

96. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

97. During all times relevant to this lawsuit, Defendant has been an employer covered by the FLSA. 29 U.S.C. § 203(d).

98. During all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce. 29 U.S.C. § 203(s)(1)(C); 29 U.S.C. § 203(x).

99. At all times relevant to the unpaid overtime wage claims in this lawsuit, Plaintiffs were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e)(2)(C).

100. At all times relevant to the unpaid overtime wage claims in this lawsuit, Plaintiffs were covered employees under 29 U.S.C. § 207(a)(1).

101. At all times relevant to the unpaid overtime wage claims in this lawsuit, Plaintiffs were paid on an hourly basis by Defendant.

102. Defendant violated the FLSA because it did not pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 per seven-day workweek. Alternatively, to the extent Defendant can meet its burden of proof to establish any agreement that satisfies the requirements of 29 U.S.C. § 207(o) which requires overtime to be provided as compensatory time in lieu of overtime compensation relative to one or more of the Plaintiffs, then Defendant violated the FLSA as to those Plaintiffs by: not providing compensatory time at time and one-half the regular rate for all overtime hours worked; not paying overtime pay at time and one-half the regular rate of pay for all hours, if any, that exceed(ed) any applicable accrual cap; and/or not paying overtime pay at time and one-half the regular rate for compensatory time paid out.

103. In connection with the Hurricane Ida Work Periods, Plaintiffs, other than Gregoire, were paid Hurricane Ida related emergency pay by Defendant that was in addition to their respective base hourly rates of pay.

104. Assuming *arguendo* that Defendant could meet its burden of proof to establish any 29 U.S.C. § 207(k) exemption (relative to overtime being measured using a standard of hours worked in excess of 80 per two week period), Defendant nevertheless violated the FLSA because it did not: (1) timely pay Plaintiffs, other than Gregoire, time and one-half their respective hourly rates of pay for all overtime hours worked in the two week work periods with dates of August 22, 2021 to September 4, 2021 and September 5, 2021 to September 18, 2021 and (2) did not include Hurricane Ida related emergency pay in the respective FLSA regular rate calculations for Plaintiffs, other than Gregoire, in determining the amount of overtime wages owed for the two week work periods with dates of August 22, 2021 to September 4, 2021 and September 5, 2021 to September 18, 2021. Alternatively, to the extent Defendant can meet its burden of proof to establish any

agreement that satisfies the requirements of 29 U.S.C. § 207(o) which requires overtime to be provided as compensatory time in lieu of overtime compensation as to one or more of the Plaintiffs, then, relative to the Hurricane Ida Time Period, Defendant violated the FLSA as to those Plaintiffs, other than Gregoire, by: not providing compensatory time at time and one-half the regular rate for all overtime hours worked; not paying overtime pay at time and one-half the regular rate of pay for all hours, if any, that exceed(ed) any applicable accrual cap; and/or not paying overtime pay at time and one-half the regular rate for compensatory time paid out.

105. Plaintiffs seek all damages available for Defendant's violations of the FLSA.

106. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). For example, Defendant previously measured overtime hours for its hourly paid dispatchers using the appropriate standard of hours worked in excess of 40 per seven-day workweek. However, Defendant changed to its current standard of hours worked in excess of 80 hours per two week work period approximately four years before the filing of this lawsuit. Defendant knew FLSA overtime for dispatchers was required to be measured on a 40 hour per seven-day workweek standard and either knew changing to an 80 hour per two week work period standard violated the FLSA or acted with reckless disregard relative to compliance with the FLSA in changing to an 80 hour per two week work period standard.

## VI. JURY TRIAL DEMANDED

107. Plaintiffs demand a jury trial.

## VII. DAMAGES AND PRAYER

108. Plaintiffs ask that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs be awarded a judgment against Defendant and/or order(s) from the Court for the following:

a. All damages allowed by the FLSA, including unpaid overtime wages,

b. Liquidated damages in an amount equal to overtime wages that were not timely paid by Defendant,

c. In the event Defendant can meet its burden of proof to establish any agreement that satisfies the requirements of 29 U.S.C. § 207(o) which requires overtime to be provided as compensatory time in lieu of overtime compensation, then, as applicable, compensatory time at time and one-half the regular rate for all overtime hours and/or unpaid overtime hours worked; overtime pay at time and one-half the regular rate of pay for any and all hours, if any, that exceed(ed) any applicable accrual cap; and/or overtime pay at time and one-half the regular rate for compensatory time paid out,

d. In the event Defendant can meet its burden of proof to establish any agreement that satisfies the requirements of 29 U.S.C. § 207(o) which requires overtime to be provided as compensatory time in lieu of overtime compensation, then, as applicable, liquidated damages equal to compensatory time at time and one-half the regular rate for all overtime hours and/or unpaid overtime hours worked; overtime pay at time and one-half the regular rate of pay for any and all hours, if any, that exceed(ed) any applicable accrual cap; and/or overtime pay at time and one-half the regular rate for compensatory time paid out,

e. Reasonable legal fees,

f. Costs,

g. Post-judgment interest, and/or

h. All other relief to which Plaintiffs are entitled.

Date: September 8, 2023.  Respectfully Submitted:

Damon J. Baldone & Associates, APLC

_____
Damon J. Baldone (No. 21997)
Thomas E. Dunn (No. 5185)
162 New Orleans Blvd.
Houma, Louisiana 70364
Telephone: (985) 868-3427
Facsimile: (985) 872-2319
Email: damon@baldonelaw.com
       thomas@baldonelaw.com

ATTORNEYS FOR PLAINTIFFS